[S. F. No. 13392.  In Bank.—January 10, 1931.]

GEORGE D. GARDNER, Respondent, v. J. S. SMITH et al., Appellants.

Owen D. Richardson and Donald B. Richardson for Appellants.

William F. James and Lincoln V. Johnson for Respondent.

THE COURT.—Plaintiff brought this action for the dissolution of a partnership alleged to exist between plaintiff and defendants, and for an accounting. On conflicting evidence, the trial court found in favor of the existence of the partnership, ordered it dissolved, and gave judgment in favor of plaintiff in the sum of $5,131.54.

On this appeal defendants concede that they are bound by the finding of the trial court in reference to the existence of the partnership, and also concede that the following facts were satisfactorily established by the evidence:

That the partnership consisted of respondent and appellants, the latter being father and son; that all three should share equally in the profits and losses; that the partnership commenced on February 1, 1926, and continued until May 1, 1927; that the nature of the business was the manufacture and sale of farming and canning equipment; that appellant J. S. Smith was to furnish the plant and equipment; that there was charged therefor the sum of $400 a month as rental; that appellant C. O. Smith was to and did handle the sales and office end of the business; that respondent was to and did act as engineer and general supervisor of the shop;

that appellant J. S. Smith handled all the finances of the business. It is also accepted as an established fact that from February 1, 1926, to December 31, 1926, the partnership made a net profit over all expenses, including rental and depreciation, of $24,136.70. For this eleven-month period the share of each partner in the profits was $8,045.50, respondent receiving, however, only $2,936.10, leaving a balance owing him for 1926 of $5,109.40. From this should be deducted the sum of $75 paid by appellants to respondent for a purpose which the trial court determined made it properly deductible from respondent's share of the profits. This leaves a net of $5,034.40 owing to respondent for 1926.

Some time in April, 1927, appellant J. S. Smith, who signed all checks for the partnership, refused to issue any further sums to respondent, and, as a result, respondent left the partnership on May 1, 1927. ██ On this appeal the only controversy worthy of note is as to whether the trial court correctly computed the profits and losses of the partnership for the first four months of 1927. During these four months respondent admittedly drew $780. It is admitted that for the entire year of 1927 the business made a net profit of $7,900. The appellants introduced an audit which purported to show that for the first four months of 1927 the business suffered a $7,200 loss. The trial court was not satisfied with this audit, for reasons that will later appear, and upon proof that the business was a seasonal one, and that the first months of the year were months in which money was spent, and the last months were periods in which the work of the earlier months was realized upon, used the following scheme in an attempt to determine equitably the share of profits due respondent for the four months' period involved. In order to determine the average monthly income for 1927, the trial court divided the net profit of that year by twelve. Four times this result obviously gives the average profit for four months. Since there were three partners, if this result be divided by three, the total will be the profit due each partner for the first four months of 1927. From this must be deducted the $780 received by respondent, and if the result be added to the profits still due respondent for 1926, the total will be the sum for which the trial court gave judgment.

The appellants contend that the trial court was in error in thus averaging the monthly profits for 1927 based on the entire year's profits, and contend the audit introduced into evidence by them conclusively shows a loss for this period. The audit in question, mentioned *supra*, purported to cover the entire period of the partnership, that is, from February 1, 1926, to May 1, 1927. This audit did indicate that during the first four months of 1927 the partnership did lose over $7,200. It is appellants' contention that the entire $7,900 profit of 1927 is attributable to the last eight months of the year. If the audit correctly pictured the financial status of the business, there would be some merit in the appellants' contentions, but the evidence conclusively shows that the audit does not do so. The audit was not made until almost a year and a half after the end of the period it purported to cover. The accountant making the same testified that no inventory was taken as of May 1, 1927, and that the inventory of December 31, 1926, was taken as the basis for the audit. The audit shows that during this four-month period over $10,000 was spent for labor and materials invested in finished and unfinished machines. These expenditures obviously increased the physical assets of the firm to an appreciable extent, yet, inasmuch as the inventory taken was that of December 31, 1926, nowhere in the audit would the result of these expenditures be reflected. Moreover, the evidence showed, as stated *supra,* that the business was a seasonal one. Early in the year contracts were secured and machines manufactured for delivery later in the year. Appellant C. O. Smith testified that the first months of the year were months of paying out, so that in the most prosperous year the first months would show a loss. According to this same witness, there was no way to determine the profits or losses for any period in the year until "the income portion (of the year) had been balanced against the outgoing portion". He also testified that in his opinion the method of ascertaining the average monthly profit for 1927 used by the trial court was fair and practical.

Under such circumstances, we cannot say that the trial court was in error in averaging the monthly profits for 1927 in the absence of satisfactory evidence as to what those

profits or losses actually were. Inasmuch as no physical inventory was taken in May of 1927, and taking into consideration the seasonal nature of the business, we are of the opinion that the method used by the trial court was fair and practical, and reached a result, which, for all practical purposes, gave respondent a fair share of the profits to which he was entitled. It would be obviously unfair to respondent to say that, although he worked for four months in building machines, because he left before they were sold, he cannot share in the profit. To state the proposition is to refute it.

Appellant J. S. Smith complains that the court in its accounting made no allowance for his capital investment. This contention is without merit. It is admitted that this appellant received a substantial rent for the premises and machinery used by the partnership during the entire period of the existence of the partnership. There is no evidence that this appellant furnished the partnership with any of his private capital. Obviously, under such circumstances, no such allowance should be made.

The judgment appealed from is affirmed.